UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GERALD K. SMITH,

        **Plaintiff,**

  v.                                  Civil Action 2:20-cv-6297
                                        Judge James L. Graham
                                        Magistrate Judge Chelsey M. Vascura

TRAYCE THALHEIMER, *et al.*,

        **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Gerald K. Smith, an Ohio inmate who is represented by counsel, brings this civil rights action under 42 U.S.C. § 1983 against the following Defendants: nine members of the Ohio Parole Board; Annett Chambers-Smith, the Director of the Ohio Department of Rehabilitation and Correction ("ODRC"); Norman Robinson, the Warden at London Correctional Institution ("LCI"); three named LCI corrections officers (Defendants Frye, Westfall, and Doyle); and 100 John and Jane Doe Defendants, who Plaintiff alleges are employed with ODRC. Plaintiff alleges that he was denied parole in retaliation for exercising his rights under the First Amendment. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Having performed the initial screen, for the reasons that follow, the

undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915A for failure to state a claim on which relief may be granted.

I.      BACKGROUND

According to the Complaint, in March 2018, Defendant LCI Corrections Officer Westfall issued a conduct report against Plaintiff for possessing material relating to an unauthorized group in violation of Ohio Admin. Code § 5120-9-37(B). At the hearing for this conduct report, Plaintiff successfully argued to Defendant LCI Corrections Officer Robinson that the material in question was legal research materials, not unauthorized material as Defendant Westfall alleged. Consequently, Defendant Robinson advised Defendant LCI Warden Taylor of his finding, and Defendant Warden Taylor dismissed the March 2018 conduct report.

Plaintiff alleges that because Defendants Frye, Westfall, and Doyle were disgruntled that the conduct report was dismissed, they colluded to retaliate against Plaintiff, which resulted in a "bogus conduct report" being filed 45 days after the March 2018 conduct report was dismissed. (Pl.'s Compl. 4, ECF No. 1–2 at PAGEID # 41.) Plaintiff alleges that ODRC Rules Infraction Board ("RIB") members presiding over the hearing on this second conduct report found Plaintiff guilty of the charges advanced "to keep from having to return Plaintiff's legal materials to him." (*Id*.) Plaintiff names these RIB members as Doe Defendants. Plaintiff alleges that his appeal of the RIB decision was denied by Doe Defendants "who knew, or should have known, they were furthering an agenda of retaliation." (*Id*.)

Plaintiff alleges that almost two years later, in February 2020, the ODRC Parole Board Defendants "in furtherance of a retaliatory agenda denied Plaintiff parole for exercising his First Amendment Rights." (*Id*. at PAGEID # 42.) He further alleges that his requests for

reconsideration were denied by other Doe Defendants who "became part of the retaliatory agenda . . . ." (*Id*.)

Under the section of his Complaint he captions "LEGAL CLAIMS/CAUSES OF ACTION," Plaintiff states as follows:

> It is, or should be, known among all Defendants that retaliation for exercise of First Amendment rights is prohibited conduct. ODRC POLICY 59-LEG-01 which Defendants are supposed to abide by states: "It is the policy of [ODRC] to permit inmates access to legal counsel by means of visitation which will permit confidential communication, uncensored written correspondence, and telephone communication. ***Inmates shall have access to courts so that they may challenge their convictions, sentences, or the conditions of their confinement . . . Pursuing such legal matters shall not subject the inmate to reprisals or punishment of any sort.*** " **(Emphasis Added)** Defendants individually and/or collectively engaged in an ongoing retaliation agenda that continues through the present.

(*Id*. (emphasis in original).)

Plaintiff seeks declaratory, injunctive, and monetary relief. (Pl.'s Compl. 5–6, ECF No. 1–2 at PAGEID ## 42–43.)

## II. STANDARD

Section 1915A requires trial courts to screen all complaints "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of governmental entity" and to *sua sponte* dismiss an action or claim upon a determination by the Court that the action or claim "is frivolous or malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A; *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a

"short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### III.   ANALYSIS

Although Plaintiff's Complaint lacks clarity, it appears that his claims are premised on two events, namely, a 2018 allegedly false conduct report and the parole board's 2020 decision denying his parole. It is clear from the section of Plaintiff's Complaint titled "LEGAL CLAIMS/CAUSES OF ACTION," quoted above, that he seeks to advance retaliation claims

4

under the First Amendment. Less clear is whether Plaintiff intends to advance other claims. (*See* Compl., ECF No. 1-2 (alleging generally that he was denied access to courts and that Defendants colluded to retaliate and acted with a retaliatory agenda). The undersigned first considers whether Plaintiff has plausibly alleged claims for civil conspiracy and denial of access to courts before turning to his retaliation claims.

**A.**     **Civil Conspiracy**

It is unclear whether Plaintiff intends to advance a civil conspiracy claim. "A civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); quoting *Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985). A plaintiff is required to demonstrate "a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Hooks*, 771 F.2d at 943–44. In addition, "[c]laims of conspiracy must be pled with some specificity: vague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1983 claim." *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004); *see also Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) ("[P]leading requirements governing civil conspiracies are relatively strict." (citation omitted)).

Plaintiff has failed to plausibly allege a civil conspiracy claim with the requisite level of specificity. Rather, his allegations of collusion are vague and conclusory. For example, Plaintiff summarily alleges that Defendants Frye, Westfall, and Doyle "began a collusion to retaliate against Plaintiff," (Compl. 4, ECF No. 1–2 at PAGEID # 41), and also that the RIB members, individuals involved in Plaintiff's conduct report appeal, the ODRC Parole Board, and the individuals who considered his pleas for reconsideration, all of whom Plaintiff names as John

and Jane Doe Defendants, were "part of the retaliatory agenda," (*Id*. at PAGEID ## 41–42). These allegations fall short of plausibly alleging a "single plan" and that these Defendants shared in "the general conspiratorial objective" and committed "overt act[s] . . . in furtherance of the conspiracy." *See Hooks*, 771 F.2d at 943–44; *see also Hartsfield v. Mayer*, No. 95-1411, 1996 WL 43541, at *3 (6th Cir. Feb. 1, 1996) (affirming trial court's dismissal of conspiracy claim, explaining that the "vague allegations of a wide-ranging conspiracy are wholly conclusory and are, therefore, insufficient to state a claim." (citations omitted)).

Accordingly, to the extent that Plaintiff intends to assert a civil conspiracy claim, it is **RECOMMENDED** that the Court **DISMISS** such a claim pursuant to 28 U.S.C. § 1915A.

**B.     Access to Courts**

It is also unclear whether Plaintiff intends to advance an access-to-courts claim. Prisoners have a First and Fourteenth Amendment right of access to the courts. *See Lewis v. Casey,* 518 U.S. 343, 351–54 (1996). To state a claim that a state actor has violated that right, a plaintiff must allege an "actual injury" and official conduct that is more than mere negligence. *See Harbin-Bey v. Rutter,* 420 F.3d 571, 578 (6th Cir. 2005); *Gibbs v. Hopkins,* 10 F.3d 373, 379 (6th Cir. 1993). "Actual injury" can be demonstrated by "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). In addition, the underlying action cannot be frivolous. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405-06 (6th Cir. 1999) ("By explicitly requiring that plaintiffs show actual prejudice to non-frivolous claims, *Lewis* did in fact change the 'actual injury' requirement as it had previously been applied in this circuit."). Thus, "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536

U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id*. at 416.

Applied here, Plaintiff has failed to plausibly allege an access-to-courts claim. Plaintiff's conclusory allegation that he was denied "access to the courts" that resulted in "loss of opportunity for freedom from incarceration, and [his] inability to timely file documents necessary to challenge his conviction and/or conditions of confinement," (Compl. 2, ECF No. 1–2 at PAGEID # 39), without more, falls short of demonstrating that Plaintiff suffered the requisite actual injury. *See, e.g.*, *Whipple v. Tenn. Bd. of Paroles*, No. 18-5390, 2019 WL 1804845, at *3–4 (6th Cir. Jan. 3, 2019) (affirming dismissal of inmate's access-to-courts claim under § 1915A where inmate alleged conduct "interfered with his ability to prosecute certain lawsuits, but he did not, for instance, identify a deadline with which he was prevented from complying or a meritorious claim that he was unable to raise" (internal quotation marks and citation omitted)); *Johnson v. Humphrey*, No. 1:18-cv-43, 2018 WL 1151812, at *8 (S.D. Ohio Mar. 5, 2018) (dismissing access-to-courts claim pursuant to § 1915A where inmate alleged only that he missed a required deadline, explaining that such allegations were insufficient to permit the Court to "infer that a nonfrivolous claim has been hampered").

Accordingly, to the extent that Plaintiff intends to assert an access-to-courts claim, it is **RECOMMENDED** that the Court **DISMISS** such a claim pursuant to 28 U.S.C. § 1915A.

C.    **Retaliation Claims Arising from the 2018 Conduct Report**

As set forth above, Plaintiff alleges that Defendants Frye, Westfall, and Doyle filed a "bogus conduct report" 45 days after the dismissal of the March 2018 conduct report because they were disgruntled that the March 2018 conduct report was dismissed. Plaintiff also names

the RIB members who found him guilty of the new charges and the individuals who denied his appeal of this finding as Doe Defendants, asserting that these Defendants "knew, or should have known, they were furthering an agenda of retaliation." (Pl.'s Compl. 4, ECF No. 1–2 at PAGEID # 41.)

Plaintiff's claims against these Defendants, as well as any other claim he might be seeking to assert arising from the March 2018 conduct report, are barred by the applicable statute of limitations. "In § 1983 suits, the applicable statute of limitations is determined by state law, while the 'date on which the statute of limitations begins to run . . . is a question of federal law.'" *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017) (*quoting Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (alteration in original)). Ohio Revised Code § 2305.10 sets forth a two-year statute of limitations for § 1983 claims. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). That statute of limitations "begins to run when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009). Further, although the statute of limitations is an affirmative defense, in the context of a statutorily-required initial screen, "[w]hen a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint as frivolous is appropriate." *Castillo v. Grogan,* 52 F. App'x 750, 751 (6th Cir. 2002) (citing *Pino v. Ryan*, 49 F.3d 51, 53–54 (2d Cir. 1995)); *see also Watson v. Wayne Cty.*, 90 F. App'x 814, 815 (6th Cir. 2004) (affirming trial court's dismissal of claims under § 1915A in connection with initial screen as time barred, explaining "[i]f a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue *sua sponte*") (citation omitted); *Dellis v. Corr. Corp. of Am.*, 257

F.3d 508, 511 (6th Cir. 2001) (same); *Fraley v. Ohio Gallia Cty.*, No. 97-3564, 1998 WL 789385, at *1–2 (6th Cir. Oct. 30, 1998) (same).

Plaintiff filed the instant action on December 9, 2020. (ECF No. 1.) Thus, claims accruing prior to December 9, 2018, are time barred. According to the Complaint, Defendants Doyle, Westfall, and Frye issued the "bogus conduct report" "approximately forty-five days" after the March 2018 conduct report. (Pl.'s Compl. 4, ECF No. 1–2 at PAGEID # 41.) At the latest, then, the at-issue "bogus conduct report" was filed in May 2018. Hearings before the RIB must be held within seven days of the conduct report, with a decision posted within a week of the hearing. INMATE DISCIPLINARY PROCESS, 5, State of Ohio Dep't of Rehab. and Corr. (2009). Appeals from RIB decisions are due within fifteen days and decided within thirty days. (*Id*. at 7.) Thus, at the latest, Plaintiff would have known of the alleged retaliatory acts of Defendants Frye, Westfall, and Doyle and any RIB Doe Defendants by July or August 2018 such that the two-year limitations period expired in July or August 2020, well before he filed this action in December 2020.

Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims arising from the 2018 conduct report, which include his claims against Defendants Frye, Westfall, and Doyle, as well as any RIB Doe Defendants, pursuant to 28 U.S.C. § 1915A.

D.   **Retaliation Claims Arising from the 2020 Denial of Parole**

Plaintiff asserts retaliation claims against the ODRC Parole Board members who denied him parole almost two years after the alleged "bogus conduct report," as well as Doe Defendants who considered and denied his requests for reconsideration, alleging that he was denied parole as "part of the retaliatory agenda." (Pl.'s Compl. 4, ECF No. 1–2 at PAGEID ## 41–42.) According to Plaintiff, "[b]ut for retaliation, [he] would not have been denied parole." (*Id*. at

PAGEID # 38.) These retaliation claims are subject to dismissal pursuant to 28 U.S.C. § 1915A as barred under the *Heck* doctrine and alternatively for failure to state a claim.

In *Heck v. Humphrey*, the United States Supreme Court held that, in assessing a claim under 42 U.S.C. § 1983, a court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. 477, 487 (1994). If so, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. Later, in *Wilkinson v. Dotson*, the Court considered whether *Heck* applied to § 1983 actions that challenged parole procedures. 544 U.S. 74, 81–82 (2005). The Court explained that if victory in the § 1983 action would necessarily imply the invalidity of the parole board's decision, then *Heck* would block that action. *Id*.; *see also Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Wilkinson*, 544 U.S. at 82) (explaining that *Wilkinson* would allow a § 1983 challenge to parole where victory would "not imply the invalidity" of the underlying decision); *Whipple*, 2019 WL 1804845, at *2–3 (affirming dismissal of prisoner's challenge to a denial of parole, in part, because "most of his claims necessarily implied the invalidity of the decision to deny him parole"); *Holson v. Good*, 579 F. App'x 363, 365–66 (6th Cir. 2014) (citing cases) (noting that, in Ohio, parole is "a part of the original judicially imposed sentence," and so claims challenging parole conditions "necessarily imply the invalidity of the plaintiffs' sentences and are likewise barred by *Heck*"); *McKithen v. Brown*, 481 F.3d 89, 102 (2d Cir. 2007) (concluding "that the governing standard for application of the *Preiser-Heck* exception, then, is whether a prisoner's victory in a § 1983 suit would *necessarily demonstrate* the invalidity of his conviction or sentence"); *Jackson v. Lemmon*, 738 F. App'x 369, 372 (7th Cir. 2018) (finding that where a plaintiff implied that, with

more process, he would not have received a certain parole condition, victory would "necessarily demonstrate[] the invalidity" of the parole board's decision).

Here, Plaintiff asserts that he was denied parole because ODRC Parole Board members retaliated against him. Thus, a victory in this case would require a finding that the parole board acted retaliatorily, thereby casting doubt on the validity of the parole board's decision. *Heck* prohibits this type of claim. *See Brown v. Williams*, 644 F. App'x 117, 118–20 (3d Cir. 2016) (holding that where a plaintiff challenged the denial of parole based on a First Amendment retaliation claim, such a challenge was barred by *Heck*). That Plaintiff does not seek immediate release does not save his claim because "the type of relief requested is immaterial" if that relief would necessarily imply the invalidity of the underlying decision, as it would here. *See Violett v. Cohron,* No. 16-5484, 2017 WL 8236191, at *1 (6th Cir. Jan. 4, 2017) (citing *Wilkinson*, 544 U.S. at 81–82). Accordingly, Plaintiff's claims challenging the Ohio parole board's decision must be dismissed as barred by *Heck*.

Alternatively, even if Plaintiff's claims arising from the denial of his parole were not barred by *Heck*, they would fail because he has not plausibly alleged a *prima facie* case for retaliation. A retaliation claim entails three elements:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (citations omitted).

Here, Plaintiff alleges facts relating to the issuance of a conduct report in 2018 before making the conclusory allegation that Defendants denied him parole nearly two years later "for exercising his First Amendment rights." (Pl.'s Compl. 4–5, ECF No. 1–2 at PAGEID ## 41–42.)

11

Assuming *arguendo* that Plaintiff sufficiently alleged the first two elements of a retaliation claim, his "allegations of causation [are] conclusory and therefore insufficient for purposes of the third element." *See Sturgis v. Mich. Parole Bd.,* No. 18-1554, 2019 WL 2156429, at *2 (6th Cir. Feb. 1, 2019). Such barebones, conclusory allegations are insufficient to state a claim of retaliation. *See Ward v. Chapman*, No. 2:19-CV-12543, 2020 WL 5107334, at *8 (E.D. Mich. Aug. 31, 2020) ("[S]peculative and uncorroborated assertions do not demonstrate a causal connection between Petitioner's litigation and the parole board's decisions sufficient to demonstrate a retaliatory motive.").

For these reasons, it is **RECOMMENDED** that Plaintiff's claims of retaliation premised upon his denial of parole be **DISMISSED** pursuant to 28 U.S.C. § 1915A.

E.    **Respondeat Superior**

Finally, Plaintiff has failed to plausibly allege claims against Defendants ODRC Director Chambers-Smith and LCI Warden Robinson.

In order to plead a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). To sufficiently plead the second element, a plaintiff must allege "personal involvement." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This is because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Id*. (citation omitted). Thus, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (internal quotation omitted).

Plaintiff's Complaint fails to provide sufficient factual content or context from which the Court could reasonably infer that Defendants ODRC Director Chambers-Smith and LCI Warden Robinson were personally involved in any violation of Plaintiff's rights. Rather, Plaintiff's Complaint makes no allegations against Defendant Chambers-Smith and reflects that Defendant Robinson's involvement was limited to ensuring the dismissal of the March 2018 conduct report.

Because the undersigned is unable to discern what actions Defendants Robinson or Chambers-Smith took that could suffice to form the basis of a plausible claim under § 1983, it is **RECOMMENDED** that Plaintiff's claims against these Defendants be **DISMISSED** pursuant to 28 U.S.C. § 1915A.

## IV. DISPOSITION

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to § 1915A for failure to state a claim on which relief may be granted and that Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 12) be **TERMINATED AS MOOT**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

                                      /s/ *Chelsey M. Vascura*
                                      CHELSEY M. VASCURA
                                      UNITED STATES MAGISTRATE JUDGE