IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gerald K. Smith.,

    Plaintiff,

v.

Trayce Thalheimer, et al.,

    Defendants.

Case No: 2:20-cv-6297

Judge Graham

Magistrate Judge Vascura

<u>Opinion and Order</u>

    Plaintiff Gerald K. Smith, an inmate represented by counsel, brings this action under 42 U.S.C. § 1983 against members of the Ohio Parole Board and numerous other individuals employed by the Ohio Department of Rehabilitation and Correction. Smith alleges that a false conduct report was filed against him in March 2018 by prison staff. These reports pertained to printed materials which Smith alleges were legal research materials. Smith contends that prison staff wrongly classified the materials as unauthorized due to being associated with gang activity. Shortly after Smith successfully challenged the conduct report, he was allegedly retaliated against when prison staff filed a second conduct report concerning the same matter. Smith further alleges that he was retaliated against when the parole board denied him parole in February 2020.

    On an initial screening Report and Recommendation, the magistrate judge recommended that the complaint be dismissed. This matter is before the court on plaintiff's objection to the Report and Recommendation and his motions for leave to file an amended complaint. For the reasons stated below, the court overrules plaintiff's objection and denies the motions for leave to amend the complaint.

I.

    As the magistrate judge noted, the complaint is not clear on what legal causes of action plaintiff intends to advance. The magistrate judge liberally construed the complaint as asserting claims for civil conspiracy, denial of access to the courts, retaliation with respect to the second conduct report, and retaliation with respect to the denial of parole.

1

Smith has not objected to the magistrate judge's recommendation that the claims for conspiracy, denial of access to the courts, and retaliation with respect to the second conduct report be dismissed. Nor do the proposed amendments to the complaint address the deficiencies with these particular claims.

The court concurs with the magistrate judge's conclusion that these claims should be dismissed under 28 U.S.C. § 1915A(b) and hereby adopts the portions of the Report and Recommendation analyzing the claims for conspiracy, denial of access to the courts, and retaliation with respect to the second conduct report. *See* Report and Recommendation (doc. 16) (finding that: (1) the claim for conspiracy fails because the complaint's allegations are vague and conclusory; (2) the claim for denial of access to the courts fails because Smith did not allege in what way he was denied access; and (3) the claim for retaliation as to the second conduct report is time-barred).

II.

The focus of Smith's objection to the Report and Recommendation and of the proposed amendments to the complaint is the alleged retaliatory denial of parole. The original complaint alleges that Smith was denied parole because he had exercised his "First Amendment rights." Compl., ¶ 16. Though again the complaint is not clear, it appears that when the complaint refers to the exercise of "First Amendment rights," it is referring to Smith's challenge to the March 2018 conduct report and the classification of his research materials as having an association with gang activity. The complaint alleges that Smith would have been released on parole but for the retaliation.

The magistrate judge concluded that the retaliation claim fails for two independent reasons. First, she found that it is barred by the *Heck* doctrine, under which a § 1983 challenge to a parole board's decision cannot proceed if a judgment in plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see also Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007) ("[S]uits challenging the fact or duration of confinement fall within the traditional scope of habeas corpus and accordingly are not cognizable under § 1983."); *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (holding that *Heck* bars a prisoner's claim that state officials violated his constitutional rights by deciding that he was ineligible for parole unless and until that decision has been invalidated by an appropriate tribunal).

Second, the magistrate judge found that the complaint's allegations do not support a plausible inference of a causal connection between the protected conduct and the adverse action. *See Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (stating that a causal connection is an

2

element of a retaliation claim).  The magistrate judge noted that the complaint's only allegation of a causal connection was a conclusory one, namely that the parole board "denied Plaintiff parole for exercising his First Amendment rights."  Compl., ¶ 16.

In his objection, Smith argues that his claim does not fit the mold of a *Heck*-type case.  He contends, citing *Thomas*, 481 F.3d at 438, that a § 1983 claim is not barred when a judgment for plaintiff would have only the potential to decrease his period of confinement.  In his motions for leave to amend, Smith seeks to add the following allegations: that the parole board "told me that the reason I was being denied parole [was] because I was filing and attempting to file documents in the courts" and that he was "given more time in retaliation for exercising my First Amendment rights."  Am. Compl., ¶ 16.

The court finds that the *Heck* doctrine bars the retaliation claim, even if the proposed amendments are considered.  In *Thomas* the Sixth Circuit held that the plaintiff's § 1983 claim was not barred by the *Heck* doctrine because he sought the reinstatement of disciplinary credits, which would not have necessarily affected the duration of his sentence.  Rather, reinstatement of the credits would only have moved forward when he would have been eligible for parole review.  *See Thomas*, 481 F.3d at 440.

Here, Smith expressly alleges in both his original complaint and his proposed amended complaint that he would have been released on parole if not for the claimed retaliation.  *See* Compl., p. 1., Am. Compl., ¶ 16.  Because Smith's § 1983 claim challenges his continued confinement and his being "given more time," it is barred under *Heck*.  *See LaFountain v. Harry*, 716 F.3d 944, 950 (6th Cir. 2013).

The decision in *Brown v. Williams*, 644 Fed. App'x 117, 120 (3d Cir. 2016), is on point.  There, plaintiff alleged that he was denied parole because he had exercised his First Amendment rights.  The court held that his § 1983 claim was barred by *Heck* because plaintiff alleged that he was denied parole for retaliatory reasons and his claim thus implied the invalidity of his continued confinement.  In the same way, Smith alleges here that defendants' retaliation has resulted in his continued confinement, and the court finds that his claim is thus barred.  *See Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) ("Few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole.").

III.

Accordingly, plaintiff's objection to the magistrate judge's Report and Recommendation (doc. 19) is OVERRULED, and plaintiff's motions for leave to amend the complaint (docs. 20, 24) are DENIED. Plaintiff's motion for leave to file instanter a reply brief relating to his motion for leave to amend (doc. 23) is GRANTED. Defendants' motion to dismiss (doc. 12) is DENIED AS MOOT.

DATE: August 12, 2021

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge